## UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| **ZACHARY TROWBRIDGE** | : | **CIV. NO. 3:15cv00688(JAM)** |
| | : | |
| **V.** | : | |
| | : | |
| **TOWN OF ENFIELD; ENFIELD POLICE** | : | |
| **DEPARTMENT; CHIEF CARL SFERRAZZA** | : | |
| **individually and in his official capacity;** | : | |
| **OFFICER MATTHEW WORDEN, individually** | : | |
| **and in his official capacity;  OFFICER BRIAN** | : | |
| **CROTEAU individually and in his official** | : | |
| **capacity; SERGEANT JOHN CARNEY,** | : | |
| **individually and in his official capacity;** | : | |
| **OFFICER VANESSA MAGAGNOLI,** | : | |
| **individually and in her official capacity,** | : | |
| **OFFICER JOHN DOE, individually and in his** | : | |
| **official capacity; OFFICER JANE DOE,** | : | |
| **individually and in her official capacity** | : | **JULY 23, 2015** |

## THIRD AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.     The plaintiff, Zachary Trowbridge, brings this civil action for violations of Plaintiff's civil rights secured and protected by the Civil Rights Act of 1871, 42 U.S.C. 1983, 42 U.S.C. §1985, and the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution, and Article One §§7, 8, 9, and/or 20 of the Connecticut Constitution, as well as the common and statutory laws of the State of Connecticut, for which he seeks damages, attorneys' fees, and costs.

2.     The plaintiff alleges that on August 31, 2013, the defendant Enfield Police Officers, Matthew Worden, Brian Croteau, Vanessa Magagnoli, and Sargent John Carney, along with other unidentified police officers, in their individual and official capacities, negligently, deliberately and/or intentionally violated the plaintiff, Zachary Trowbridge's, constitutional rights.

3.      The plaintiff, Zachary Trowbridge, further alleges that Carl Sferrazza, in his individual and official capacities as Chief of Police of Enfield Police Department and the Town of Enfield is liable for the violations of these individual police officers under federal and state laws because he: (1) tolerated, condoned, encouraged and/or was deliberately indifferent to the use of excessive force in an unreasonable manner, (2) failed to adequately train and provide guidelines with regard to the use of excessive force in a manner that could foreseeably lead to the violation of citizens' rights, and (3) created an atmosphere and culture in which such treatment of citizens is tolerated and/or fostered.

4.      The plaintiff, Zachary Trowbridge, further alleges that Defendant Town of Enfield is liable for Defendant police officers' negligent and/or deliberately indifferent conduct under Connecticut General Statute § 52-557n because such conduct occurred during the course and within the scope of the defendant police officers' employment with the Town in a manner which caused imminent and/or present physical harm and damages to an identifiable victim, namely, the plaintiff, Zachary Trowbridge.

5.      The plaintiff, Zachary Trowbridge, alleges that as a result of the negligent and/or deliberately indifferent conduct of the defendant Enfield police officers, as referenced herein, he has suffered, as an identifiable victim, who was threatened by imminent and/or present harm by the acts of the defendant Enfield police officers, within the course and scope of their employment, severe physical and emotional distress and damages, as more particularly described herein.

6.      Statutory notice of the plaintiff's civil rights claims against the defendant police officers, and intention to bring this action, was given to the Town of Enfield, pursuant to § 7-465 of the Connecticut General Statutes, a copy of which is attached hereto as "Exhibit A".

**JURISDICTION**

7       The basis of jurisdiction is predicated upon 42 U.S.C. §§ 1983 and 1985 as well as the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Article One §§ 7, 8, 9 and 20 of the Connecticut Constitution.

**PARTIES**

8.      At all times herein mentioned, the plaintiff, Zachary Trowbridge, was a resident of Somers, Connecticut.

9.      The defendant, Town of Enfield, is a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut and acting at all pertinent times herein through its duly authorized agents, employees and/or representatives.

10.     At all times relevant times herein, Defendant Chief Carl Sferrazza was the Chief of Police of the Enfield Police Department and Enfield's final policymaker in the area of law enforcement. Defendant Carl Sferrazza is sued in his individual and official capacity as Chief of Police for the Town of Enfield, and was acting in his individual and/or official capacity in the performance of his duties, and within the scope of his employment as Chief of Police, and was acting under the color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and State of Connecticut.

11.     At all relevant times described herein, Defendant Enfield Police Officers, Matthew Worden, Brian Croteau, Vanessa Magagnoli and Sergeant John Carney were police officers assigned to the Enfield Police Department. Each defendant is sued individually and in his or her official capacity as a police officer in the performance of their duties and under color

6

of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, regulations, customs and usages of the United States and the State of Connecticut.

12.     At all relevant times, Defendant Officer Matthew Worden was in control of and was responsible for the control of a police dog (the "K-9 unit"), which was the property of the Enfield Police Department.

13.     At all relevant times described herein, the defendants individually and/or in concert, were acting with deliberate indifference and under the totality of the circumstances, objectively unreasonably, with regard to the health, safety, wellbeing and/or rights of the plaintiff, Zachary Trowbridge.

14.     At all relevant times described herein, under the totality of the circumstances, the actions of all defendants, individually and/or in concert, were objectively unreasonable and/or were carried out with conscious disregard for the health and safety of the plaintiff, Zachary Trowbridge.

15.     At all relevant times described herein, Defendant Town of Enfield Police Officers acted jointly and in concert with each other and each such individual had the duty and reasonable opportunity to intervene to protect the plaintiff Zachary Trowbridge from the negligent, reckless, willful, knowing, unconstitutional and/or deliberately indifferent acts of the other Defendants, as described herein, but each Defendant failed and/or refused to perform such duty, despite such reasonable opportunity to do so, as it arose, thereby proximately causing the injuries and losses complained of herein.

## STATEMENT OF FACTS

16.     On or about August 31, 2013, at approximately 6:00 PM, Zachary Trowbridge was at his home on Main Street in Somers, Connecticut.

17.     Defendant Town of Enfield Police Officers Worden, Croteau, Magagnoli and Carney went to the plaintiff's home reportedly to serve warrants on the plaintiff, Zachary Trowbridge, for charges of Failure to Appear.

18.     Upon arrival, Officer Worden and Sergeant Carney took a perimeter at the rear of the plaintiff, Zachary Trowbridge's, home.

19.     While Officer Worden and Sergeant Carney remained at the rear perimeter of the plaintiff's home, Officers Croteau and Magagnoli knocked on the front door of the plaintiff's home.

20.     The plaintiff, Zachary Trowbridge, exited the home through the rear door and proceeded down the stairs of the home and onto the driveway, accompanied by his brother and girlfriend.

21.     Upon seeing the plaintiff exit his home, Officer Worden and Sergeant Carney revealed themselves from the rear perimeter of the plaintiff's home.

22.     In response to seeing and hearing Officer Worden and Sergeant Carney emerge from the rear perimeter of the home, the plaintiff, Zachary Trowbridge, stopped and raised his hands, so as to indicate to Officer Worden and Sergeant Carney that he would not flee and would not resist arrest.

23.     Although the plaintiff was standing still with his hands raised, Officer Worden issued a command to his K-9 unit, causing the K-9 unit to suddenly and aggressively attack the Plaintiff, knocking him to the ground.

24.     The K-9 unit viciously attacked the plaintiff, latching onto plaintiff's right leg with its teeth and refusing to release the plaintiff.

8

25.     Due to attack of the K-9 unit the plaintiff suffered dog bites, abrasions and scratches to his body, primarily on his right leg.

26.     Although numerous Defendant Officers were in a position to do so, no Defendant Officer attempted to help the plaintiff off the ground or to stop the attack of the K-9 unit.

27.     Eventually the K-9 unit released the plaintiff and the plaintiff was transported to the Enfield Police Department.

28.     After the plaintiff's injuries were photographed by police at the Enfield Police Department, he was finally transported via ambulance to Johnson Memorial Hospital where he received treatment for dog bite wounds on his right lower leg.

30.     As a direct result of the deliberately indifferent actions and omissions of the defendants, as aforesaid, the plaintiff Zachary Trowbridge has suffered numerous physical injuries and sequelae, including but not limited to cuts, bruises and abrasions, and scars.

31.     As a direct and further result of the aforesaid actions and conduct of Defendants, Plaintiff Zachary Trowbridge has suffered and will continue to suffer from mental anguish and psychological trauma, as well as profound feelings of humiliation, loss of dignity, anxiety, depression, post-traumatic stress disorder, flashbacks, chronic, repetitive sleep interruption and deprivation, social withdrawal and fear of police officers.

**COUNT ONE**:          **Plaintiff Zachary Trowbridge against the Named Defendant Enfield Police Officers for Violations of Rights secured by 42 U.S.C. § 1983 and the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution due to their use of Unreasonable and/or Excessive force on him.**

1- 31.  Paragraphs 1-31 are hereby fully incorporated into this Count One and made paragraphs 1-31 of this Count.

32.     Under the totality of the circumstances, Defendant Enfield Police Officers, including Officer Matthew Worden, Officer Croteau, Officer Magagnoli, Sergeant Carney and Officers John and Jane Doe, while acting under the color of state law, acted with deliberate indifference and/or objective unreasonableness when they used excessive force, as aforesaid, on the plaintiff Zachary Trowbridge, as aforesaid.

33.     As a direct result of the defendants' actions, as aforesaid, the plaintiff, Zachary Trowbridge, suffered physical injuries, psychological trauma, anxiety, humiliation, pain and suffering and damage to his reputation and character, as well as other injuries and damages more particularly set forth herein, in violation of Plaintiff Zachary Trowbridge's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

34.     The conduct and actions of some or all of the defendant Enfield Police Officers, as aforesaid, acting under color of law, were excessive and constituted unreasonable use of force, in violation of the Plaintiff's Fourth and/or Fourteenth Amendment rights as secured by 42 U.S.C. § 1983.

**COUNT TWO:**         **Plaintiff Zachary Trowbridge against Named Defendant Enfield Police Officers for Violations of Rights Secured by Article I §§ 7 and 9 of the Connecticut Constitution due to their use of Unreasonable and/or Excessive Force on him**.

1-34.   Paragraphs 1-34 of Count One are hereby fully incorporated and made paragraphs 1-34 of this Count.

35.     Some or all of the defendant Enfield police officers, as aforesaid, violated Plaintiff Zachary Trowbridge's State Constitutional rights by using unreasonable and/or excessive force on the plaintiff Zachary Trowbridge, as aforesaid, in violation of the plaintiff's rights under Article I §§ 7 and 9 of the Connecticut Constitution.

36.     As a direct and proximate result of Defendant Officers' actions, as aforesaid, the plaintiff Zachary Trowbridge has suffered physical psychological damages and injuries, as more particularly set forth herein.

**COUNT THREE:     Plaintiff Zachary Trowbridge against Defendant Enfield Police Officers for Assault and Battery under the Common Law of Connecticut.**

1-36.     Paragraphs 1-36 of Count Two are fully incorporated herein and made Paragraphs 1-36 of this Count Three.

37.     Some or all of the Defendant Officers engaged in unpermitted, offensive and/or unprovoked conduct in restraining the plaintiff Zachary Trowbridge in that they caused the K-9 Unit to viciously attack Zachary Trowbridge, and unreasonably and overly aggressively fastened handcuffs very tightly around his wrists, causing him cuts, abrasions, bruises and scars.

38.     Some or all of these actions were intended to and did put Plaintiff Zachary Trowbridge in apprehension of imminent and serious bodily harm and did in fact, produce such serious bodily harm as described more particularly herein.

39.     As a result of the above unpermitted, offensive conduct by Defendant Enfield police officers, Plaintiff Zachary Trowbridge did suffer serious bodily harm and other injuries, as aforesaid.

40.     Although in a reasonable position to do so, some or all of the defendant Enfield Police Officers failed to intervene to prevent or stop the prolonged, unpermitted, unjustified, physical attack by the K-9 Unit on Plaintiff Zachary Trowbridge at the hands of other Defendant Enfield Police Officers, as set forth more particularly herein.

41.     The above conduct by Defendant Officers constituted assault and battery upon Plaintiff Zachary Trowbridge and resulted in the physical and psychological injuries,

humiliation, pain and suffering, and damage to Plaintiff's reputation and character, as more particularly set forth herein.

**COUNT FOUR:**          **Plaintiff Zachary Trowbridge against Defendant Enfield Police Officers for Negligent Conduct under the Common Law of Connecticut.**

1-41.    Paragraphs 1-41 of Count Three are fully incorporated herein and made Paragraphs 1-41 of this Count Four.

42.    Some or all of the defendant Enfield Police Officers, acting individually and/or in concert with each other as aforesaid, exhibited a lack of reasonable care, in one or more of the following ways:

a.    Their conduct was unreasonable and breached the applicable duty and standard of care that the defendants owed to Plaintiff Zachary Trowbridge to take all available measures reasonably necessary to investigate his actions and circumstances before and/or while arresting, apprehending or subduing him;

b.    Their conduct in apprehending Zachary Trowbridge before adequate investigation of the matter or establishment of probable cause to arrest or apprehend him, exhibited lack of due care in regard to the health and well-being of the plaintiff;

c.    Defendants applied unreasonable force by causing the K-9 Unit to viciously attack Zachary Trowbridge and unreasonably and overly aggressively fastening handcuffs very tightly around his wrists, causing him cuts, abrasions, bruises and scars given the circumstances, including the fact that Plaintiff Zachary Trowbridge was, at all pertinent times, peaceful, compliant, and/or then handcuffed and not resisting or threatening anyone at any time

d.    Some or all of the defendant Enfield Police officers failed at the scene to intervene to prevent and/or stop one another from unjustifiably and unreasonably using the K-9 Unit on the plaintiff, although they were in a reasonable position to do so for an extended period of time; and

e.    Defendants knew or reasonably should have known or foreseen that their unjustifiable and unreasonable conduct would cause serious and permanent injury to Plaintiff Zachary Trowbridge of the type it did cause.

43.     As a direct and proximate result of Defendant Police Officers negligent actions as aforesaid, Plaintiff Zachary Trowbridge suffered severe and permanent physical and emotional injuries, humiliation, pain and suffering, and damage to his reputation and character, as more particularly set forth herein.

**COUNT FIVE:          Liability of the Town of Enfield pursuant to Connecticut General Statute § 52-557n.**

1-43.   Paragraphs 1-43 of Count Four are hereby fully incorporated and made paragraphs 1-43 of this Count Five.

44.     The negligent acts and omissions of Defendant Enfield Police Officers, as described herein, occurred while Defendants were on duty, in uniform, and/or performing their duties in the course of their employment as police officers for the Town of Enfield.

45.     Defendant Enfield Police Officers' conduct, as described herein, occurred while they were acting as agents and employees of the Town of Enfield, with a purpose to further the interests of the Town of Enfield.

46.     Defendant Enfield Police Officers' negligent conduct as aforesaid, subjected Plaintiff Zachary Trowbridge, an identifiable victim, to foreseeable imminent harm, which did, in fact occur.

47.     As a result, Defendant Town of Enfield is liable to Plaintiff Zachary Trowbridge under Connecticut General Statutes § 52-557n for the negligent acts of Defendant Enfield Police Officers that were committed in the course and scope of their employment and that directly and proximately caused Plaintiff's severe and permanent injuries and damages, as set forth more particularly herein.

13

**COUNT SIX**:           **Liability of Defendant Enfield Police Officers to Plaintiff Zachary Trowbridge for Reckless and/or Willful Conduct under the Common Law of Connecticut**

1-41.   Paragraphs 1-41 of Count Three are fully incorporated herein and made Paragraphs 1-41 of this Count Six.

42.   Some or all of the defendant Enfield Police Officers acted maliciously, recklessly, willfully, with deliberate indifference and/or with conscious disregard for the life, health and well-being of Plaintiff Zachary Trowbridge, as aforesaid, in derogation of their duties, as follows:

a.   They commanded and allowed a police dog to attack the plaintiff despite the fact that he was compliant with their orders and had not resisted their actions in any manner; and

b.   They permitted the K-9 Unit to viciously attack the plaintiff for an unreasonable amount of time and failed to intervene to prevent or stop the K-9 Unit's continued attack, thereby deliberately and/or willfully violating Plaintiff's Constitutional rights, as aforesaid, although they were in a reasonable position to do so.

43.   As a direct result of such reckless, willful, deliberate and/or willful misconduct, as aforesaid, Plaintiff Zachary Trowbridge suffered severe and permanent physical and emotional injuries, as set forth more particularly herein.

**COUNT SEVEN**:   **Plaintiff Zachary Trowbridge against Defendant Officers for Intentional Infliction of Emotional Distress under the Common Law of Connecticut**

1-43.   Paragraphs 1-43 of Count Six are fully incorporated herein and made Paragraphs 1-43 of this Count Seven.

44.   The aforementioned actions of Defendant Enfield police officers were reckless, willful and/or deliberate and caused Plaintiff Zachary Trowbridge to suffer from severe emotional distress following his arrest.

14

45.     The Defendants should have reasonably foreseen that severe emotional distress would have resulted from their actions.

46.     Such conduct by the defendants was extreme and outrageous and exceeded all bounds usually tolerated by a decent society.

47.     The Defendants' conduct directly produced Plaintiff Zachary Trowbridge's severe emotional distress and related physical distress and bodily injury and other damages, as set forth more particularly herein.

**COUNT EIGHT:**     **Plaintiff Zachary Trowbridge against Defendant Officers for Negligent Infliction of Emotional Distress under the Common Law of Connecticut.**

1-47.   Paragraphs 1-47 of Count Seven are fully incorporated herein and made Paragraphs 1-47 of this Count Eight.

48.     The aforesaid negligent actions of Defendant Enfield Police Officers caused the plaintiff Zachary Trowbridge to suffer from severe emotional distress, that Defendants knew or should have known would result from their actions.

49.     Such conduct was unreasonable and exceeded all bounds usually tolerated by decent society.

50.      As a result of such conduct, Plaintiff Zachary Trowbridge suffered severe physical and emotional distress and other damages, including but not limited to post-traumatic stress disorder, anxiety, fear of police officers, humiliation, and loss of dignity, as more particularly set forth herein.

**COUNT NINE:**      **Plaintiff Zachary Trowbridge against Defendant Enfield Police Officers for Violations of Plaintiff's Fourth and/or Fourteenth Amendment Rights as Secured by 42 U.S.C. § 1983 for Failure to Intervene**

15

1-50.   Paragraphs 1-47 of Count Five, Paragraphs 42-43 of Count Six, Paragraphs 44-47 of Count Seven, and Paragraphs 48-50 of Count Eight are fully incorporated herein and made Paragraphs 1-50 of this Count Nine.

51.   Although in a reasonable position to do so, some or all of the Defendant Enfield Police Department members failed to intervene to prevent and/or stop the unreasonable and unjustifiable K-9 Unit attack on the plaintiff Zachary Trowbridge, as described herein, thereby causing his injuries, as set forth more particularly herein.

52.   As a consequence of the aforesaid actions of Defendants, Plaintiff Zachary Trowbridge has suffered damages, including serious and permanent physical and psychological trauma, as more particularly set forth herein.

**COUNT TEN:**          **Plaintiff Zachary Trowbridge against Defendant Enfield Police Officers for Violations of Plaintiff's Rights Secured by Article I, §§ 7, 8, 9 and/or 20 of the Connecticut Constitution for Failure to Intervene**

1-52.   Paragraphs 1-52 of Count Nine are hereby incorporated and made paragraphs 1-52 of this Count Ten.

53.   Although in a reasonable position to do so, some or all of the defendant Enfield police officers failed to intervene to prevent and/or stop the prolonged unreasonable and unjustifiable attack on the plaintiff Zachary Trowbridge, as described herein, thereby directly causing his physical and emotional injuries and other damages, as set forth more particularly herein.

**COUNT ELEVEN:**          **Plaintiff Zachary Trowbridge against Defendant Town of Enfield and Chief of Police Carl Sferazza for Violations of Rights Secured by 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution Due to an Inadequate Policy and Custom**

1-53.   Paragraphs 1-53 of Count Ten are hereby incorporated and made Paragraphs 1-53 of this Count Twelve.

54.   At all pertinent times herein, Defendant Town of Enfield, acting through its Chief of Police Carl Sferrazza, the final policymaker for the Town of Enfield in the area of law enforcement, had in effect de facto policies, practices and customs exhibiting deliberate indifference to the constitutional rights of citizens and residents of Enfield, which were the moving force behind and a direct and proximate cause of the unconstitutional conduct of Defendant Enfield Police Officers and their resultant violations of the constitutional rights of Plaintiff Zachary Trowbridge, as described herein.

55.   These deficient policies, practices and/or customs of the defendant, Town of Enfield, both department-wide and in regard to the named Defendant police officers in the present case, include, inter alia:

a.   Its failure to properly and adequately supervise, monitor, investigate and/or discipline or otherwise take reasonable measures to contain or control those Enfield police officers, including the defendant police officers herein, whose past actions and/or misconduct have, over time, exhibited pronounced tendencies toward violence, over-aggressiveness and/or other conduct evidencing unacceptable practices in the course of arrests and seizures, in the following respective areas, to wit:

i.   Unreasonably neglecting their duty to serve and protect the public when interacting with them, in a manner which, instead, resulted in harm to the public and thereby compromised public safety;

ii.   Failure to adequately or fully investigate or assess the total circumstances while apprehending or arresting a citizen, generally and more particularly in regard to persons who are arrested without a warrant and without probable cause to believe that a crime has been committed;

iii.   Failure to establish probable cause before restraining; arresting and/or seizing of citizens, as in this case;

iv.   Failure to render adequate medical assistance to citizens whose medical condition requires it;

17

v.   Failure to intervene when reasonably opportune to prevent violation of a citizen's civil rights by other police officers, as in this case;

vi.   Failure to prepare adequate use of force reports including adequate documentation of any injures when a citizen is injured by police actions, as in this case;

vii.   The improper and unreasonable use of force on a citizen, by such police officers, particularly after that citizen has been handcuffed or otherwise subdued and/or is otherwise observably nonthreatening and/or not resisting, as in this case;

viii.   Improper and unreasonable use of the criminal charge of "resisting arrest" particularly when used as a pretense for falsely arresting or using unreasonable force on a citizen;

ix.   An accumulation by one or more officers of multiple or disproportionate complaints and incidences over time, including some or all of the present defendant Enfield police officers, regarding rights violations and breaches of department rules pertaining to areas such as arrests, use of force, truthfulness and courtesy, without adequate reprimand, counseling or discipline;

x.   Failure to conduct meaningful or objective internal affairs reviews of prior misconduct of Enfield police officers generally and of some or all of the defendant police officers in this case, including reviews of citizen complaints and other suspected misconduct of involved officers,  sounding in false arrest, unreasonable use of force, untruthfulness, unprofessional conduct and individual instances and/or patterns of harassment, overzealousness and/or violence toward citizens;

xi.   Abuse of the rights of citizens for no reason other than the fact that they may have expressed some sort of disagreement with the particular Enfield police officer or because such use of force, while unjustified, appeared to be "convenient" to the officer to accomplish his or her immediate purposes;

xii.   Failure to institute a department wide system that serves to review and screen improper and/or abhorrent behavior by Enfield police officers, including some or all the defendant Enfield police officers in this case, in a manner that serves as an adequate monitor to alert the department and/or internal affairs of the potential for their future misconduct, while also serving as an effective method of deterring similar future targeted conduct of Enfield police officers, including the individual defendants in this case;

xiii.   Failure to adequately train Enfield police officers to recognize or respond to tendencies toward and/or patterns of violent behavior exhibited by their

18

fellow Enfield police officers in a manner that would have provided further notice to Enfield Police Department supervisors and directors;

xiv.     Failure to institute meaningful disciplinary actions against Enfield Police Officers including the defendant officers in this case, such as suspension, counseling, anger management treatment, remedial training classes or termination, in response to citizen complaints and other evidence of police misconduct;

xv.     Failure to identify and adequately control the disproportionate overzealous, unprofessional and/or untruthful tendencies and conduct of one Enfield officer in particular, Officer Matthew Worden, and other officers including those officers who accompanied him on assignments, despite the pronounced and blatant pattern of violent and abhorrent behavior that Officer Worden and his cohorts exhibited over time when on calls;

xvi.     Deliberately ignoring and/or disregarding internal review reports which red flagged the behavior and actions of defendant Officer Matthew Worden and identified Defendant Worden as a danger to citizens of Enfield, when acting alone and also with certain other officers including some or all of the Defendant officers in this case;

xvii.     Failure to discipline or conduct a meaningful investigation into the allegations regarding the conduct and behavior of Officer Matthew Worden despite the submission of one or more colorable arrest warrants to the state's attorney's office relating directly to Officer Matthew Worden's violent acts.

b.     Its failure to properly and adequately supervise, train, advise, and/or issue orders, rules, regulations and/or guidelines, reasonably necessary to promote use of accepted police practices by Enfield police officers, including the defendant police officers herein, during arrests and seizures, in regard to the following areas:

i.     Proper use of handcuffs, police canines and other types of force when approaching, apprehending or arresting a subject;

ii.     Proper investigative, evaluative and/or arrest procedures including investigation of and follow up on all material leads and how to develop sufficient probable cause at a scene before an arrest or seizure is made;

iii.     Proper preparation of use of force reports when force is used by any police officer on a citizen, including proper documentation and photography of any resultant injuries;

iv.     Proper and timely actions to take when a citizen is in police custody and has serious injuries and immediate medical assistance is needed;

    v.    Appropriate intervention when a reasonable opportunity exists to prevent or stop other officers from unduly injuring and/or violating the civil rights of a citizen.

    vi.    Control of anger and overly aggressive behavior of officers toward citizens at scenes and establishment of express criteria to determine when counseling is reasonably necessary to deal with such proclivities;

    vii.    The continuum of force concept and when to use verbal or other less restrictive means as opposed to severe or disproportionate force;

    viii.    The concept that life is sacred and that force should be used as a last resort, when all other means of interaction are no longer feasible, because citizen and officer safety are paramount;

    ix.    When and how officers should report on other officers who they are aware have mistreated citizens;

    x.    Tactics relating to approaching and handling a scene in a manner which defuses potential danger and enhances citizen and officer safety.

c.    Its failure to adequately screen, monitor, investigate and/or discipline the prior bad acts of the defendant Enfield police officers, including Matthew Worden, in the following ways:

    i.    Failure to adequately and objectively investigate or consider citizen's complaints either individually or collectively made against Defendant Enfield police officers including Officer Worden or to attach proper significance to them;

    ii.    Failure to properly discipline Enfield Police officers including Officer Worden following a citizens complaint by methods such as suspension, counseling, anger management treatment, remedial training classes or termination;

    iii.    Failure to adequately and objectively consider the seriousness of the threat Officer Worden posed to the citizens of the community on a daily and continuous basis over several years;

    iv.    Failure to adequately train officers such as Officer Worden regarding how to approach or assess circumstances at a scene, establish probable cause and/or effect an arrest, seizure and/or use force, where reasonably necessary, on a citizen, in a constitutional manner;

v.     Failure to suspend or terminate Officer Worden's employment in a timely manner despite receiving at least seventeen citizen's complaints directed at Officer Worden's behavior over a relatively short period of time, which complaints comprised a high and disproportionate percentage of complaints lodged against all Enfield police officers during that period;

vi.    Failure to properly discipline other Enfield police officers, including some or all of the other Defendant police officers in this case, based on their disproportionate and/or otherwise serious complaint history.

56.    Each of the aforementioned deficient policies, practices and customs of Defendant Town of Enfield, respectively, individually and/or in combination, served to promote, foster and/or form an environment and/or mindset conducive to the violation of the Constitutional rights of individuals, including Plaintiff Zachary Trowbridge, so as to constitute the moving force behind the violation of the Constitutional rights of Plaintiff Zachary Trowbridge, as set forth more particularly herein.

57.    In addition to the incident described herein, these de facto policies, practices and customs, as set forth more particularly herein, which exhibited deliberate indifference to the constitutional rights of citizens and residents of Enfield and were the moving force behind and the proximate cause of the unconstitutional conduct of the defendant Enfield Police Officers, as aforesaid, are demonstrated, in part, by the following situations, inter alia:

a.     At least sixteen known incidences, mostly prior to the present incident, many in which notices of intent to sue have been filed, have been investigated by the Town of Enfield in regard to numerous Enfield police officers including some of the present Defendants.

b.     These incidences all contain elements and issues materially similar to the elements and issues presently contained within the allegations of the Plaintiff's present Complaint.

c.     In fact, approximately fourteen citizen complaints (mostly prior) have been filed against Defendant Officer Worden alone, and numerous other similar citizen complaints have been filed against several of his cohort police officers, as well, while working both with him and separately from him.

21

d.      Currently, six civil rights complaints have been filed against the Town of Enfield and individual responding police officers, also containing allegations of police misconduct materially similar to the allegations set forth in the present case and many more have been noticed.

e.      The allegations of individual and department wide police misconduct contained in the above-referenced alleged incidents involving numerous individual Enfield police officers over a long, continuous period of time prior to and following the present incident complained of, include the following:

i. Failure to adequately investigate a scene before using force;

ii. Overaggressive and overreactive behavior without consideration of, or reasonable attempts at, less intrusive measures while investigating a scene, subduing a suspect and/or approaching, apprehending or seizing a suspect.

iii. Unreasonable arrests and seizures;

iv. Excessive use of force, including unreasonable use of tasers, canines and handcuffs;

v.  Failure to intervene to prevent another officer from unduly injuring and/or from violating the rights of a citizen;

vi. Failure to provide adequate medical care to injured citizens;

vii. Failure to prepare adequate use of force or taser reports which should include in detail, the circumstances of, reasons for and nature of injuries suffered by any citizen while in police custody;

f.      Despite the above prolonged and myriad instances of police misconduct, the defendant, Town of Enfield failed to adequately investigate, monitor, supervise, reprimand, suspend, discipline or otherwise take effective or meaningful preventative measures to discourage or deter such known serious and preventable misconduct of its police officers, although it had the means and ability to do so, particularly since a disproportionate number of these incidents involved, similar to the instant case, misuse of tasers and canines and unreasonable use of force, when approaching, apprehending, arresting or seizing a citizen.

58.      As Chief of Police, the defendant Carl Sferrazza authorized, approved, condoned and/or ratified the above-referenced practices and customs of the defendant Town of Enfield,

which constituted the moving force behind such violation of the Constitutional rights of the plaintiff, Zachary Trowbridge, as set forth more particularly herein.

59.     As a direct and proximate result of such inadequate and/or improper policies, practices and/or customs of the Defendant, Town of Enfield, as referenced herein, as endorsed by the defendant Police Chief, Plaintiff suffered the violation of his Constitutional rights and severe and permanent physical and emotional injuries, as more particularly set forth herein.

**COUNT TWELVE:**          **Indemnification Pursuant to Connecticut General Statutes § 7-465**

1-59.   Paragraphs 1-59 of Count Twelve are hereby incorporated and made Paragraphs 1-59 of this Count Thirteen.

60.     Defendant Town of Enfield is legally liable to pay on behalf of Defendant Enfield Police Officers and Chief of Police Carl Sferrazza all sums which Defendant Enfield Police Officers become obligated to pay by reason of the aforesaid causes of action imposed upon such employees by law for damages awarded for the violation of common law rights and infringement of the civil rights and physical damages to the person and/or property of Plaintiff Zachary Trowbridge as a result of the events complained of herein.

**WHEREFORE**, Plaintiff Zachary Trowbridge demands the following relief:

      1.      Monetary damages, including compensatory and/or actual damages;

      2.      Actual, dignitary and punitive damages, pursuant to 42 U.S.C. §1983;

      3.      A Court order, pursuant to 42 U.S.C. § 1988, that he is entitled to reasonable attorney's fees and costs incurred in maintaining this action pursuant to 42 U.S.C.§ 1983, as pleaded herein;

      4.      Such other relief in law or equity as the Court may deem just and proper.

PLAINTIFF, ZACHARY TROWBRIDGE

By:_____/s/_____
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT  06103
Tel. (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com

By:_____/s/_____
Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com

**UNITED STATES DISTRICT COURT**

| | | |
|---|---|---|
| ZACHARY TROWBRIDGE | : | CIV. NO. 3:15cv00688(JAM) |
| | : | |
| V. | : | |
| | : | |
| TOWN OF ENFIELD; ENFIELD POLICE | : | |
| DEPARTMENT; CHIEF CARL SFERRAZZA | : | |
| individually and in his official capacity; | : | |
| OFFICER MATTHEW WORDEN, individually | : | |
| and in his official capacity;  OFFICER BRIAN | : | |
| CROTEAU individually and in his official | : | |
| capacity; SERGEANT JOHN CARNEY, | : | |
| individually and in his official capacity; | : | |
| OFFICER VANESSA MAGAGNOLI, | : | |
| individually and in her official capacity, | : | |
| OFFICER JOHN DOE, individually and in his | : | |
| official capacity; OFFICER JANE DOE, | : | |
| individually and in her official capacity | : | JULY 23, 2015 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount, legal interest, or property in demand is in excess of Fifteen Thousand and

00/100 ($15,000.00) Dollars, exclusive of interests and costs.

PLAINTIFF, ZACHARY TROWBRIDGE
By:_____/s/_____
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT  06103
Tel. (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com


By:_____/s/_____
Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com

## CERTIFICATION OF SERVICE

This is to certify that on July 23, 2015, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____**/s/**_____
David K. Jaffe, Esq.